### Henry Dewitz, Ex'r of Caroline Shoeneman, v. Eleanore Shoeneman.

1. TROVER—*When it Does Not Lie.*—Trover will not lie for fixtures so long as they are annexed to the building.

Trover, for fixtures, etc. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed May 2, 1899.

JOHN W. BYAM, attorney for appellant.

STEIN & PLATT, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit is in trover. On behalf of appellee it is contended that trover will not lie for the property in question under the facts in this case. The facts, so far as they are necessary to an understanding of the question thus presented, are as follows, viz.: September 30, 1893, and prior thereto, Caroline Shoeneman, the testatrix of appellant, and Eleanore

Shoeneman, the appellee, were owners of certain real estate in the city of Chicago, each being the owner of an undivided one-half thereof.    At that date the tenant of said parties, who was in possession of said real estate, made an assignment of the lease thereof to said Caroline, and the same day gave to her a bill of sale of the machinery and fixtures in question.    Such machinery and fixtures had been purchased and put upon the premises by said tenant while in possession of said premises.    November 4, 1893, said Caroline (her husband joining) conveyed her undivided one-half of said real estate to the appellee, and at the same time assigned said lease to the appellee and delivered therewith possession of said premises, together with said machinery and fixtures. August 25, 1896, this suit was commenced.    January 28, 1898, it was tried before the court, a jury having been waived, and a finding entered in favor of appellee (defendant below) and judgment against appellant for costs.    It is to reverse that finding and judgment that appellant prosecutes this appeal.

Said machinery and fixtures, consisting of stationary steam engine, boiler, shafting, pulleys, automatic sprinkler system, steam and water pipes, fittings and connections, were attached and affixed to the building upon said premises, which was known as 303 and 305 Dearborn street.

Trover will lie for goods and chattels only.    1 Chitty's Pl. *146.

The machinery and fixtures in question were attached to the building when possession thereof was delivered to appellee.    They were so attached when this suit was commenced and up to the time of the trial.    Trover will not lie for fixtures while still annexed to the building.    Leman v. Best, 30 Ill. App. 326; Donnelly v. Thieben, 9 Ill. App. 500; Darrah v. Baird, 101 Pa. St. 265, 272.

It follows that the judgment of the Superior Court must be affirmed.